# Maher's Appeal.

A judgment was given to secure two separate and distinct notes. These notes were renewed and usurious interest was charged thereon. One of these notes was paid about six months before the real estate of the debtor was sold at sheriff's sale. Other judgment creditors claimed to have the usurious interest paid on both notes deducted from the amount of said judgment in a distribution of the proceeds of said sale. *Held*, that the judgment did not consolidate the notes so as make one indebtedness, and that only the usury paid on the unpaid note could be deducted.

November 1st 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Indiana county:* Of October and November Term 1879, No. 375.

Appeal of William Maher from the decree of the court dismissing the exceptions to, and confirming the report of the auditor appointed to distribute the proceeds of the sheriff's sale of the real estate of Luther Martin.

In ruling upon the exceptions, the court, in an opinion, said:

"We think the deduction of the excess of interest paid on the notes prior to the entry of the judgment was a mistake. The judgment described and specified the notes it was designed to secure, and thereby fixed the real amount of the debt. Martin would not be allowed to say that he owed less than the judgment called for, or to deduct payments alleged to have been made before the judgment was obtained. Nor will his creditors be allowed to say so, in the absence of fraud. But all excess of interest paid on the notes after the entry of judgment is a payment on the principal, and must be deducted therefrom, as each payment was made, after allowing the plaintiff interest at the rate of six per cent. The revival by scire facias was not conclusive on Martin, because no judgment had been obtained on the notes. The record of the judgment shows that it was merely a security for the debt represented by the notes. Maher so treated it, for when he revived it, judgment was taken for the $5000, as in the original, although a large sum had then been paid on the debt. It is urged that the two notes must be treated as separate and distinct, and that one of them having been paid and surrendered more than six months before the sale, it is too late to recall the excess of interest paid on that note. But it is only by virtue of the lien of the judgment that the plaintiff has any claim on the fund. This judgment was for one entire debt, and it makes no difference that the debt was evidenced by two securities. The excessive interest received after the entry of the judgment must go in liquidation of the whole debt thereby secured. See Price's Appeal, 3 Norris 141. The report is

referred back to the auditor with instructions to make a calculation accordingly, and report distribution."

The other material facts will be found in the opinion of this court.

*Silas M. Clark* and *John R. Wilson*, for appellant.—If Martin or his creditors have the right to deduct or retain the interest paid in excess of the legal rate prior to the revival of the judgment, upon what rule of the law shall he be allowed to deduct from the amount yet remaining unpaid on the $2500 note, the excess of interest paid on both notes? We have already seen, and it cannot be denied, that the notes were founded in entirely different and distinct transactions, and had no relation to or connection with each other.

If, therefore, the judgment had never been taken, certainly it would not be pretended that Martin upon payment of either one of the notes would have the right—after the expiration of six months—to deduct or retain the interest paid upon it in excess of the lawful rate, out of the remaining note. Each note represented an entire transaction, evidenced an independent debt, and the Act of the 28th of May 1858, only provided that the borrower or debtor may retain and deduct such excess from the amount of such debt—not from any debt—but from the same debt. Or if the whole debt has been voluntarily paid then he may within six months recover back the excess interest paid on that debt—such excess may also be recovered by way of set-off to any other independent claim within six months.

*J. M. Thompson, S. A. Douglass* and *A. W. Taylor*, for appellees.—This judgment was for one entire debt, and it makes no difference that the debt was evidenced by two securities. The excessive interest received after the entry of the judgment must go in liquidation of the whole debt thereby secured: See Price's Appeal, 3 Norris 141. The question is not one of indebtedness only, but is also one of lien. The right of the appellee to a share of this fund rests on the lien only. It therefore can extend to the payment of no claim not sustained by the lien. The validity of the lien is to be decided by the record. There is no judicial liquidation of the amount actually due. To ascertain the amount due from Martin to Maher resort must be had to other testimony than the record. No contract other than that shown by the record can be set up to establish the amount secured by the lien: Price's Appeal, 1 Norris 141.

Mr. Justice STERRETT delivered the opinion of the court, January 5th 1880.

The indebtedness of Luther Martin to the appellant was originally evidenced by two promissory notes, one for $1500, made in

[Maher's Appeal.]

April 1868, and the other for $2500, about a year thereafter. These notes represented separate and distinct transactions, both as to time and the consideration on which they were respectively based; and as they matured from time to time, about every ninety days, they were renewed, but their separate identity was preserved throughout until April 3d 1874, when the $1500 note was paid and lifted by Martin, and $100 paid on account of the second note which was thereafter renewed for $2400, until August 20th 1875, when it was protested for non-payment.

Interest at the rate of ten per cent. per annum was paid on both notes and the several renewals thereof, until the first one was paid, and on the other until it was protested.

On May 7th 1869, Martin executed and delivered to the appellant a judgment-bond, in the penal sum of $5000, conditioned for the payment of two promissory notes, one for $1500 and the other for $2500, each payable ninety days from April 16th 1869, and also for the payment of any note or notes given in renewal of the same or any part thereof. On the following day judgment was entered on the bond for the penalty. The note for $1500, described in the bond, was a renewal of the one first given in April 1868, and the $2500 note was the same that was originally given for that amount. The appellant's claim upon the fund for distribution was based on the lien of the judgment, and the only contention was in regard to the amount to which he was entitled.

It is apparent on the face of the judgment that it was merely security for the separate debts, represented by the two notes and the successive renewals thereof. They were the primary securities, and the judgment was secondary and collateral thereto; but, inasmuch as the notes intended to be secured were specified, and the actual amount of the debts thereby fixed at the time the judgment was entered, it was not competent, while the judgment remained unopened, to show that the real debt at that time was less than the amount specified, or to deduct payments alleged to have been made before the entry of the judgment. When the judgment was revived in April 1874, after the $1500 note had been lifted, and the other reduced by payment of $100 on account thereof, there was no liquidation of the amount then remaining unpaid. It was revived for the penalty $5000, subject to the conditions of the bond upon which it was originally entered, and it was competent for the defendant to show that the real debt evidenced by the notes was reduced by payments or credits since the entry of the original judgment. It was accordingly shown on behalf of Martin, the defendant, that one of the notes had been paid and surrendered and $100 paid on account of the other, and also that an excess of interest amounting to four per cent. per annum was regularly paid by him on the first note until it was lifted, as above stated, and that the same excess of interest was paid on the other note and renewals

[Maher's Appeal.]

thereof until the last one was protested.  It appeared, however, that the first note was paid more than six months before the sheriff's sale from which the fund for distribution was realized, and hence the defendant was not in a position either to sue for or set off the excess of interest paid on that note.  The learned judge of the Common Pleas, however, regarded the judgment as consolidating the separate items of indebtedness evidenced by the two notes, and permitted the excess of interest paid on both, after the entry of the original judgment, to be credited as payment on account of the principal of the outstanding note.  In this we think there was error.  The indebtedness, evidenced by the two notes, was not consolidated.  While the appellant rightfully claimed to participate in the fund, by virtue of the lien of his judgment, the notes which it was intended to secure were recognised as separate and distinct debts, and so treated by the parties throughout.  When the $1500 note was paid it was surrendered and the remaining note was reduced to $2400.  It follows, therefore, that appellant's lien was good only for the amount of the outstanding note, with interest and costs, less the excess of interest paid, after the date of the original judgment, on that note and former notes of which it was the last renewal, to be credited from time to time on account of the principal.  The other debt, evidenced by the note which was paid, was extinguished and the time had gone by for the defendant to either sue for the excess of interest paid on it, or to set off the same against the outstanding note.

Decree reversed at the costs of the appellees, and it is ordered that the record be remitted to the court below, with instructions to distribute the fund in accordance with the foregoing opinion.